UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,        Case No. 08-20051
                 Honorable Thomas L. Ludington

v.

ANTAUREAN JONES,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE**

On July 8, 2008, Defendant Antaurean Jones pled guilty to distribution of cocaine base in violation of 21 U.S.C. § 841. On October 21, 2008, Defendant was sentenced, as a career offender, to 175 months' incarceration. *See* Oct. 21, 2008 Judgment 2, ECF No. 18. As a part of Defendant's plea agreement, he waived his right to appeal or collaterally attack his conviction and sentence. *See* Plea Agreement 4–5, ECF No. 15.

In 2012, Defendant filed an application for permission to file a second or successive § 2255 motion to vacate his sentence, arguing that he was improperly sentenced as a career offender. During that appeal, Defendant "acknowledge[d] that he did not appeal or file a § 2255 motion because of the waiver contained in the plea agreement." Mar. 1, 2013 Order from U.S. Court of Appeals – Sixth Circuit, ECF No. 19. Thus, Defendant's motion for leave to file a second § 2255 motion was denied.

Now Defendant has returned to this Court with an original motion to vacate his sentence pursuant to 28 U.S.C. § 2255. This motion, however, is untimely and will be denied.

Aside from the fact that Defendant waived his right to appeal his sentence, his pending § 2255 motion is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA)

"contains a one-year statute of limitations period during which a § 2255 motion to vacate sentence must be filed." *King v. United States*, 63 F. App'x 793, 795 (6th Cir. 2003); *see also* 28 U.S.C. § 2255(f). The statute of limitations begins to run from the latest of four circumstances: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)–(4).

In this case, the latest of those dates is October 21, 2008 — the date Plaintiff's sentence became final. Defendant alleges no government created impediment to timely filing, no newly-recognized right from a Supreme Court decision, nor any newly discovered facts which support his motion. In fact, the precise reason Defendant brings this motion was known on the day he was sentenced: the calculation of his status as a career offender. There is no excuse for Defendant's failure to file his motion until March 2013, three-and-a-half years overdue.

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). For the reasons stated above, the Court will deny Defendant a certificate of

- 3 -

appealability because reasonable jurists could not find this Court's assessment of Defendant's claims debatable.

Accordingly, it is **ORDERED** that Defendant's motion to vacate sentence under 28 U.S.C. 2255, ECF No. 20, is **DENIED**.

It is further **ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

It is further **ODERED** that the Court **DENIES** Defendant leave to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Dated: March 19, 2013                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Antaurean Jones #41894-039, FCI P.O. Box 5000 Pekin, Illinois 61555 by first class U.S. mail on March 19, 2013.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS