UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                     Case No. 08-cr-20051

v                                                        Honorable Thomas L. Ludington

ANTAUREAN JONES,

        Defendant.

_____/

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

Antaurean Jones is currently serving a 175-month sentence for distributing crack cocaine. On June 10, 2013, Jones filed a motion requesting a sentence reduction pursuant to 18 U.S.C. 3582(c)(2), based on the retroactive application of crack cocaine sentencing guidelines. Jones's motion will be denied because the change in the guidelines does not affect his sentence.

**I**

The Anti-Drug Abuse Act of 1986 established severe penalties for the possession and distribution of crack cocaine. The disparity between the penalties for distributing crack cocaine and powder cocaine was dramatic: 100-to-1. As the Supreme Court observed, the Act "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one-hundredth that amount of crack cocaine." *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

In 2010, Congress enacted the Fair Sentencing Act (FSA), Pub. L. No. 111–220, 124 Stat. 2372, which narrowed the disparity between sentences for crack cocaine offenders and powder cocaine offenders. Instead of 100-to-1, it now stands at 18-to-1. In other words, the

FSA imposes upon an offender who dealt in powder cocaine the same sentence it imposes upon an offender who dealt in one-eighteenth that amount of crack cocaine. The FSA took effect on August 3, 2010.

Among other things, the FSA reduced the statutory minimum sentences for crack cocaine offenses by increasing the quantity of crack cocaine necessary to trigger the minimums—raising the amount from 5 grams to 28 grams for the 5-year minimum sentence, and from 50 grams to 280 grams for the 10-year minimum sentence. *See* FSA § (2)(a). The FSA also directed the Sentencing Commission to conform the sentencing guidelines to the new statutory minimums "as soon as practicable, and in any event not later than 90 days" after the FSA's enactment. *Id.* § (8)(1). The Sentencing Commission then promulgated amendments to the guidelines, reducing the recommended sentencing ranges to levels consistent with the FSA, to be applied retroactively. *See* U.S. Sentencing Guidelines Manual App. C Amends. 750, 759 (2011).

The Sixth Circuit originally concluded that the FSA's new mandatory minimums did not affect the penalties associated with crimes committed before the statute's effective date. *See United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). But with *Dorsey*, the Supreme Court established that "Congress intended the [FSA's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." 132 S. Ct. at 2335. Accordingly, the FSA's amended mandatory minimums only affect defendants sentenced after August 3, 2010.

But the new advisory guidelines, promulgated by the Sentencing Commission pursuant to the FSA, are different. As the Sentencing Commission established in Amendment 759, the altered guidelines "may be considered for retroactive application." U.S. Sentencing Guidelines Manual App. C Amend. 759 (2011). Accordingly, the new guidelines may apply to alter a sentence imposed before August 3, 2010.

Title 18 U.S.C. § 3582 provides the mechanism for defendants, the government, and even the Court to move for reduced sentences based on the newly-promulgated guidelines. Indeed, § 3582(c)(2) establishes that a court may modify a term of imprisonment that has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Thus, upon a motion by either party, or even sua sponte, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Accordingly, "when the sentencing judge relied on the sentencing guidelines and those guidelines are later made more lenient," a final sentence may be modified. *United States v. Hameed*, 614 F.3d 259, 262 (6th Cir. 2010). In such a situation, courts are to engage in a two-part inquiry to determine eligibility for a reduction: (1) whether the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) whether a reduction in the defendant's sentence would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2); *see also United States v. McClain*, 691 F.3d 774, 778–79 (6th Cir. 2012).

**II**

On July 7, 2008, Jones pleaded guilty to possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1). A presentence report noted that Jones had two prior controlled substances convictions—making him a career offender under U.S. Sentencing Guidelines Manual § 4B1.1—and Jones's offense level was enhanced from 21 to 29 (which took into account the three-level reduction for acceptance of responsibility). Because Jones qualified as a

career offender, his criminal history was set as category VI. Jones's resulting guidelines range of imprisonment was 151 to 188 months. On October 21, 2008, this Court sentenced Jackson to 175 months' imprisonment. J. 2, ECF No. 18.

As noted above, in 2010 Congress enacted the FSA, which substantially reduced the mandatory minimums associated with crack cocaine offenders like Jones. Subsequently, the Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenders.

Importantly, however, Jones is properly classified as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a). At the time Jones was originally sentenced, an individual with a "prior conviction for a felony drug offense" who was convicted of distributing cocaine base was subject to a term of imprisonment not "less than 10 years and not more than life imprisonment." *See* 21 U.S.C. § 841(b)(1)(B) (2009). And because his offense carried a possible life sentence, Jones's offense level was increased from 21 to 29. *See* U.S. Sentencing Guidelines Manual § 4B1.1(b). Because Jones was classified as a career offender under §4B1.1(a), Amendment 750 does not affect or reduce his sentence. *See United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) ("A defendant whose sentence is based upon the career offender sentencing guideline cannot benefit from Amendment 750 because that amendment did not lower the career offender sentencing guidelines range.").

### III

Accordingly, it is **ORDERED** that Jones's motion for a sentence reduction (ECF No. 25) is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: September 2, 2014

- 5 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Antaurean Jones #41894-039 at Pekin Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 5000, Pekin, IL 61555 by first class U.S. mail on September 2, 2014.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS